**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HSI IP, INC., a Delaware Corporation,**

      **Plaintiff,**

vs.                            Case No. 6:07-cv-291-Orl-19KRS

**CHAMPION WINDOW MANUFACTURING AND SUPPLY COMPANY, INC., an Ohio corporation,**

      **Defendant.**

_____

**ORDER**

This case comes before the Court on the following:

1. Defendant's Motion and Memorandum of Law to Dismiss the Complaint or Alternatively, to Stay the Federal Court Proceedings, filed by Defendant Champion Window Manufacturing and Supply Company, Inc. ("CWMSC") on April 9, 2007; (Doc. No. 12);

2. HSI IP, Inc.'s Response and Memorandum of Law in Opposition to the Defendant's Motion to Dismiss the Complaint or Alternatively, to Stay the Federal Court Proceedings, filed by Plaintiff HSI IP, Inc. ("HSI") on April 27, 2007; (Doc. No. 21); and

3. Amended Motion to Supplement Response and Memorandum of Law in

Opposition to the Defendant's Motion to Dismiss, filed by Plaintiff HSI on May 10, 2007. (Doc. No. 25).

**Background**

Plaintiff HSI is a Delaware corporation and the holding company of HD Supply, Inc., a Florida corporation whose principal place of business is in Orlando, Florida. (Doc. No. 1, filed on March 1, 2007, at ¶ 4). HD Supply is a supplier of window blinds and Venetian blinds under the mark "Champion" and other variants.[1] (*Id.* at ¶ 6). Defendant CWMSC is an Ohio corporation and manufacturer and seller of, *inter alia*, windows and doors under the mark "Champion." (*Id.* at ¶ 5; Doc. No. 12-2, pp. 5-6). HSI instituted the instant action on March 1, 2007, seeking damages and a declaration of its rights to use its name and marks in connection with the sale, manufacture, and distribution of window coverings. (Doc. No. 1, ¶ 1). Specifically, HSI seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and alleges a claim of trademark infringement under 15 U.S.C. Section 1114, common law claims of trademark infringement and unfair competition, and injury to business reputation and dilution under Florida law. (Doc. No. 1). As the question before the Court involves the legal issue of whether the Court has personal jurisdiction over Defendant CWMSC, the Court need not present the remaining factual allegations of Plaintiff's Complaint.

Concurrent with the instant case, the parties are litigating several of the instant claims before the federal Trademark Trial and Appeal Board. ("TTAB"). On December 5, 2006, CWMSC filed cancellation petitions in the TTAB for HSI's marks and an opposition action

---

[1]   HSI markets window covering goods under the marks Champion, Champion Metals, Champion Plus, Champion Vinyl, and Champion Window Coverings. (*See, e.g.,* Doc. No. 1-2).

to HSI's pending trademark application for the mark "Champion Window Coverings." (*See, e.g.,* Doc. No. 12-2, pp. 9-12; Doc. No. 12-3, pp. 1-2; Doc. No. 21, ¶ 46). The actions were consolidated into one action before the TTAB in January of 2007. There is no dispute between the parties that in March of 2007, HSI filed a motion to stay the TTAB proceedings pending the outcome of the instant case. (*See, e.g.,* Doc. No. 12, p. 5; Doc. No. 21, ¶ 47).

CWMSC moves the Court to dismiss the instant case on jurisdictional grounds, contending that it is the sole Defendant in the case and there is no basis for asserting personal jurisdiction over it. (*See* Doc. No. 12, pp. 6-9). CWMSC argues in the alternative that the Court lacks subject matter jurisdiction, that venue is improper, and that the forum is inconvenient to the parties. (*See id.* at pp. 9-14). Lastly, CWMSC argues that should the Court fail to dismiss the instant action, the case should be stayed pending the outcome of the TTAB proceedings. (*Id.* at pp. 14-17).

In response, HSI argues that the injurious actions of CWMSC demonstrate that the exercise of both general and specific jurisdiction is proper in the case at bar. (*See* Doc. No. 21). HSI further argues that dismissal on the basis of lack of subject matter jurisdiction, venue, or *forum non conveniens* grounds would be improper. Finally, HSI argues that the Court should not stay these proceedings pending the resolution of the TTAB proceedings due to the interests of justice and judicial economy. (Doc. No. 21, pp. 17-20).

**Standard of Review**

**A.  Personal Jurisdiction**

The determination of personal jurisdiction over a non-resident defendant requires a two-part analysis. *See Cable/Home Communication Corp. v. Network Productions, Inc.*, 902

F.2d 829, 855 (11th Cir. 1990). First, a court must consider the jurisdictional reach of the applicable state "long arm" statute. *See id.* at 855. If there is a basis for the assertion of personal jurisdiction under the state statute, the case proceeds to the second part of the analysis, determining whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *Cable/Home Communication*, 902 F.2d at 855. Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a non-resident defendant. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

The plaintiff, the party seeking to invoke the court's jurisdiction, bears the burden of alleging sufficient material facts to establish the basis for exercising personal jurisdiction over the defendant and establishing that the exercise of such jurisdiction is proper. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (per curiam); *Prentice v. Prentice Colour, Inc.*, 779 F.Supp. 578, 583 (M.D. Fla. 1991). If the plaintiff alleges sufficient facts to initially support "long arm" jurisdiction over a non-resident defendant, the burden then shifts to the defendant opposing jurisdiction to make a *prima facie* showing of the inapplicability of the statute. *Prentice*, 779 F.Supp. at 583. (internal citations omitted). When a defendant raises a meritorious challenge to personal jurisdiction through affidavits, documents, or testimony, the burden then shifts back to the plaintiff to prove jurisdiction by affidavits, documents, testimony, or other competent proof. *See, e.g., Jet Charter Serv. Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990). The

plaintiff may not merely reiterate the allegations of the complaint. *Prentice*, 779 F.Supp. at 583. (citations omitted). In the context of a motion to dismiss for lack of jurisdiction, a court must accept the uncontroverted allegations in the plaintiff's complaint as true and construe all reasonable inferences from any conflicting evidence in favor of the plaintiff. *See, e.g., Madara,* 916 F.2d at 1514 (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir.1988)).

### B.  Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a party can bring either a facial or a factual challenge to a court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir.1990). In a facial challenge, a court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id*. at 1529. In a factual challenge, a court must determine if it has power to hear the case. *Id*. A court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Id*.

The United States Court of Appeals for the Eleventh Circuit has cautioned that it is difficult to dismiss a claim for lack of subject matter jurisdiction. *See Simanonok v. Simanonok*, 787 F.2d 1517, 1519 (11th Cir. 1986). "[T]he test is whether the cause of action alleged is so patently without merit as to justify ... the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 70 (1978). In order to justify dismissal for want of subject matter jurisdiction, the movant must show that the opposing party's assertion is "so insubstantial, implausible, foreclosed by prior

decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974); *see also Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)[2] (claim cannot be dismissed for lack of subject matter jurisdiction unless it "has no plausible foundation or is clearly foreclosed by a prior Supreme Court decision").

## Analysis

### A.  Personal Jurisdiction, Venue, and *Forum Non Conveniens*

CWMSC's personal jurisdiction challenge depends on the application of the appropriate "long arm" jurisdiction statute. Florida's long arm statute provides in pertinent part:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> > (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> >
> > (b) Committing a tortious act within this state. [...]
>
> (2)  A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity. [...]

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit.

§ 48.193, Florida Statutes (2004).  Thus, a plaintiff can demonstrate jurisdiction under the long arm statute in either of two ways:  (1) specific jurisdiction under § 48.193(1), where the plaintiff's claims must arise from tortious acts committed in Florida by the defendant or its agents, and (2) general jurisdiction under § 48.193(2), which, if demonstrated, has no such additional requirement.  The plaintiff, however, must also demonstrate that exercising jurisdiction under either section of the long arm statute satisfies the Due Process Clause of the United States Constitution.  *See International Shoe,* 326 U.S. at 316.

The Complaint in the instant case alleges that CWMSC is attempting to use the mark and name "Champion" in connection with the sale of window coverings – a use new and apart from the rights granted to use its previous mark.  (Doc. No. 1, ¶ 41).  HSI further alleges that CWMSC sent letters to HSI in 2006  threatening to file infringement, dilution, and unfair competition proceedings against HSI and oppose the application for the "Champion Window Coverings" design mark unless HSI ceased all use of the "Champion" mark.  (*Id*. at ¶¶ 28-31).   Thus, the Complaint alleges that CWMSC's actions amount to federal trademark infringement because CWMSC had full knowledge of HSI's prior rights to the marks and pursued action likely to suggest a false sponsorship, license, or association between the two parties' Champion marks.  (*Id*. at ¶¶ 42-43).  HSI further avers that Defendant's actions amount to an injury to business reputation and dilution under Florida Statute Section 495.151 and common law unfair competition and trademark infringement principles.  (*Id*. at pp. 11-12).

Defendant argues that it does not reside or conduct business in the state of Florida.  Defendant further argues that it does not now and never has had an address, office, post

office box, drop box, telephone number in the state, nor has employed an employee or independent contractor based in, living in, or selling its products in Florida. Furthermore, CWMSC's email service and web host are not located in Florida, and it has never advertised its good or services, otherwise solicited business, or generated revenue or paid taxes in the state. In support of such contentions, CWMSC submits the affidavit of its General Counsel, Dennis L. Manes, who testifies to the above. (Doc. No. 12-2, pp. 2-3).

CWMSC's argument that the instant case must be dismissed for lack of personal jurisdiction is not well taken. Initially, the Court notes that, taking the allegations of the Complaint as true, Plaintiff has sufficiently alleged facts which support the exercise of long arm jurisdiction over Defendant, namely that CWMSC has "committed tortious acts within the state" of Florida. § 48.193(1)(b), Florida Statutes (2004). While the affidavit of Mr. Manes would clearly amount to a meritorious challenge to a Complaint based on general jurisdiction only, it does nothing to challenge specific jurisdiction under Section 48.193(1). Furthermore, even if CWMSC had presented a meritorious challenge to the exercise of specific jurisdiction over it, HSI has provided evidence through documents submitted in its Response that the exercise of jurisdiction over CWMSC is warranted. HSI attaches to its Response two letters sent by CWMSC to HSI in June 2006 which allegedly threaten legal action and declare Defendant's intent to use the Champion mark in a manner distinct and apart from its previous uses. Although, as CWMSC points out, one of the letters addressed to HSI was sent to HSI through its owner's California address, the other letter was sent to HSI through its counsel in Orlando, Florida. (*See* Doc. No. 21, pp. 23-26). CWMSC's counsel acknowledges sending such letter in June of 2006. (*See* Doc. No. 12-2, ¶ 11). Thus,

any argument by CWMSC that it never contacted HSI in Florida is without merit.

For similar reasons, CWMSC's arguments that the instant case should be dismissed on improper venue or *forum non conveniens* grounds are not well taken. Venue is permissible in Florida because it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated" pursuant to federal law. 28 U.S.C. § 1391(b).

Furthermore, the interests of justice and the convenience of the parties do not justify dismissal on grounds that the Middle District of Florida is an inconvenient forum. As the movant, CWMSC has failed to meet its burden of demonstrating that the balance of convenience to the parties is "strongly in favor" of transfer away from Plaintiff's choice of forum. *E.g., Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). CWMSC argues that the interests of justice and the balance of hardships demonstrate that the Trademark Trial and Appeal Board is the alternative forum in which the parties should resolve their disputes. CWMSC makes no argument that another federal district court, the usual recipient of transferred cases under the federal transfer statute,[3] is a more convenient forum than this Court. Furthermore, transfer of the instant case to the TTAB would not be in the interests of justice as HSI has raised additional tort claims beyond the scope and jurisdiction of the ongoing TTAB proceedings. (*See generally* Doc. No. 1). Thus, as HSI has not demonstrated that the balance of convenience to the parties in any way militates in favor of transfer.

### B. Subject Matter Jurisdiction

Dismissal of the case at bar on the basis of want of subject matter jurisdiction is also

---

[3] *See* 28 U.S.C. § 1404(a).

not warranted. CWMSC argues that Count I of the Complaint must be dismissed because HSI had no real or reasonable apprehension of litigation at the time the Complaint was filed. (Doc. No. 12, p. 10-11). The Court finds that CWMSC has not stated a valid basis for challenging subject matter jurisdiction.

CWMSC does not classify its challenge as either factual or facial. However, under either standard the Court cannot find that subject matter jurisdiction is lacking in the instant case. The United States Supreme Court has long recognized that an appropriate action for declaratory relief can be a case or controversy under Article III of the United States Constitution. *E.g., Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. __, 127 S.Ct. 764, 771 (2007). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). One who is subjected to charges of infringement and the threat of legal proceedings need not wait until his accuser chooses to bring suit to secure a determination of his rights. *E.g., Topp-Cola Co. v. Coca-Cola Co.*, 314 F.2d 124, 125 (2d Cir. 1963).

While CWMSC is correct that the filing of a TTAB action is not, on its own, sufficient to create an actual controversy, such is not the issue in this case where it is undisputed that in addition to filing an opposition in the TTAB proceedings, CWMSC sent correspondence to HSI suggesting it would sue if its concerns "could not be settled on an amicable basis." (Doc. No. 21, p. 26). The Supreme Court has recently instructed that in situations where the plaintiff's actions to avoid imminent injury are coerced by threatened

-10-

enforcement action of a private party, lower federal courts "have long accepted jurisdiction in such cases." *Medimmune*, 127 S.Ct. at 773. In the instant case, CWMSC's course of conduct implies the threat of suit. Thus, the exercise of jurisdiction is valid. *E.g., G. Heileman Brewing Co. v. Anheuser-Busch, Inc.*, 873 F.2d 985, 990 (7th Cir. 1989).

The Court has reviewed CWMSC's other arguments for dismissal on the basis of subject matter jurisdiction and finds that they are without merit or are inappropriate for determination on the instant motion.[4] For these reasons, the Court will deny Defendant's motion to dismiss due to lack of subject matter jurisdiction.

### C. Stay

Lastly, CWMSC moves to stay the instant case pending the outcome of the TTAB proceedings. After reviewing the arguments by the parties, the Court finds that staying the case at bar is not in the interests of justice. Thus CWMSC's request for such stay should be denied.

The parties do not dispute that prior to the filing of the instant motion to dismiss, HSI filed a motion in the TTAB requesting suspension of the TTAB proceedings pending the outcome of the instant case. The TTAB had not ruled on the request to suspend the proceedings when the instant motion became ripe for review in this Court. However, HSI has updated the record in the case at bar to reflect that the TTAB proceedings have been stayed pending the resolution of the instant case. (Doc. No. 25). For these reasons alone,

---

[4] CWMSC argues, for instance, that HSI's mark is not "famous" and that it has failed to alleged that its marks are famous, and thus cannot sustain an action under Section 495.151, Florida Statutes. (Doc. No. 12, p. 11). This matter is more appropriately decided on a motion to dismiss or for summary judgment or at trial.

the request for a stay must be denied. Clearly, it would not serve the interests of justice concerns of judicial efficiency or economy to stay the instant case pending the outcome of another proceeding which is suspended pending the outcome of this case. Such an outcome would fly in the face of the purpose of granting a stay, to promote concerns of judicial economy and efficiency and the just resolution of disputes.

### Conclusion

Based on the foregoing, the Defendant's Motion and Memorandum of Law to Dismiss the Complaint or Alternatively, to Stay the Federal Court Proceedings, filed by Defendant Champion Window Manufacturing and Supply Company, Inc. ("CWMSC") on April 9, 2007, (Doc. No. 12), is **DENIED**.

**DONE and ORDERED** in Chambers in Orlando, Florida this 25th day of May, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record